IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB CHAVEZ-GARNETT,

    Petitioner,

v.                                                                  No. 25-cv-0072-KWR-KBM

ATTORNEY GENERAL
STATE OF NEW MEXICO, *et al*,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2) and Prisoner Civil Rights Complaint (Doc. 3) (Complaint). Petitioner commenced this case by filing a § 2254 Petition that challenges his 2023 state criminal convictions. Thereafter, he filed a Complaint seeking money damages for false arrest/imprisonment. Courts ordinarily do not consider habeas claims in the same action as civil rights claims. *See, e.g., Hamilton v. Bird,* 650 Fed. App'x 585, 588 (10th Cir. 2016) ("Because [the inmate] may not pursue civil rights and habeas claims in the same action, the district court opened a new case to address" the second pleading); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("[P]risoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits … not through federal habeas proceedings."); *Aigbekaen v. United States*, 2023 WL 11862185, at *3 (D. Colo. May 18, 2023) (prisoners "may not assert habeas corpus claims and civil rights claims in the same action").

Even if some circumstances allow for the consideration of mixed claims in the same proceeding, the petitioner must still comply with all procedural requirements and filing fees for each type of claim. *See Whitmore v. Parker*, 484 Fed. App'x 227, 240 (10th Cir. 2012) (assuming an inmate could file § 1983 claims alongside habeas claims, he must "compl[y] with the applicable procedural requirements[,] including those in [the *in forma pauperis* statute] ... in asserting" both claims).

Considering this authority, the Court finds that Petitioner will obtain no benefit from prosecuting mixed claims in this proceeding. He will be required to address the habeas filing fee and pay a separate initial partial payment for the civil rights claims, regardless of how the cases are filed. Allowing Petitioner to proceed with mixed claims may also confuse the issues or increase the risk that his § 2254 habeas claims are dismissed based on a procedural defect. Such dismissal would cause substantial prejudice to Petitioner, since his § 2254 claims are colorable. The § 2254 Petition appears timely; Petitioner completed the state exhaustion process; the claims are not successive; and the Petition appears to state a claim on its face. The Court will therefore limit its review in this action (24-cv-0072-KWR-KBM) to the § 2254 Petition (Doc. 1) and the pending Motion to Proceed *In Forma Pauperis* (Doc. 2). The Court will direct the Clerk's Office to open a separate case where Petitioner can prosecute his Civil Rights Complaint (Doc. 3).

The Court finally notes that Petitioner's Motion to Proceed *In Forma Pauperis* does not attach an inmate account statement as required by Habeas Corpus Rule 3(a)(2). Petitioner shall cure this deficiency within thirty (30) days of entry of this Order. The failure to comply may result in dismissal with prejudice, based on any future time-bar, or delayed review of the habeas claims.

**IT IS ORDERED** that the Court will limit its review in this case to Petitioner's § 2254 claims; and the Clerk's Office shall **OPEN** a separate 42 U.S.C. § 1983 case using the Prisoner Civil Rights Complaint (Doc. 3) as the opening pleading.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall file a certified copy of his inmate account statement.

**SO ORDERED**.

                                                     /S/
                                                HON. KEA RIGGS
                                                UNITED STATES DISTRICT JUDGE